*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MELISSA WILLIAMS, Individually and as Personal Representative of the ESTATE OF MARDELLE R. WILLIAMS, and DIANA PENA,

Plaintiffs-Appellees,

v

FIDUCIARY SERVICES NORTH INC, BRENDA MILLER, LINDA KEHR, DEPARTMENT OF HEALTH AND HUMAN SERVICES, also known as ADULT PROTECTIVE SERVICES, CENTRA WELLNESS NETWORK, and HOPE NETWORK BEHAVIORAL HEALTH SERVICES, doing business as BAYHAVEN INTEGRATED CARE,

Defendants,

and

RON STIER,

Defendant-Appellant.

UNPUBLISHED
February 03, 2025
1:31 PM

No. 367099
Grand Traverse Circuit Court
LC No. 2023-036489-NO

Before: N. P. HOOD, P.J., and REDFORD and MALDONADO, JJ.

MALDONADO, J. (*concurring in part and dissenting in part*).

I agree with the entirety of the majority's analysis with the exception of its conclusion that the trial court's apparent failure to apply the correct proximate cause framework warrants appellate relief. Therefore, I concur in the majority's decision to affirm denial of summary disposition of the intention infliction of emotional distress claim, but I dissent from the majority's decision to vacate the denial of summary disposition of the gross negligence claim.

I agree with the majority's conclusion that the trial court did not articulate the correct legal framework when it considered whether plaintiffs could establish proximate causation. However,

-1-

our review of decisions on motions for summary disposition is de novo. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). It is well-established that this Court is free to affirm for reasons that differ from the trial court. See *Kyocera Corp v Hemlock Semiconductor, LLC*, 313 Mich App 437, 449; 886 NW2d 445 (2015) ("We will affirm a trial court's decision on a motion for summary disposition if it reached the correct result, even if our reasoning differs."). The majority does not instruct the trial court to make any factual findings or further develop the record. It simply instructs the court to "apply the operative proximate-causation standard under the GTLA" to the existing record. We are just as well-equipped to do this as the trial court. There is no reason to remand this to the trial court so that they can craft a better-developed analysis just for the case to wind up right back here.

In my view, application of the proper standard for proximate causation supports the trial court's decision to deny Stier's motion for summary disposition. Plaintiffs allege that Stier had a legal duty to protect Mardelle. However, he knowingly placed her in neglectful facilities, refused to remove a guardian in the face of proof that she was recklessly performing her duties, and refused to remove Mardelle from facilities where reckless care was causing malnutrition and dehydration. These allegations, if true, could reasonably support a finding that Stier's conduct was the one most immediate, efficient, and direct cause of the plaintiff's injuries." *Dougherty v Detroit*, 340 Mich App 339, 353-354; 986 NW2d 467 (2021). Therefore, the trial court properly denied Stier's motion for summary disposition.

I would affirm. Therefore, I respectfully dissent from part III of the majority opinion.

/s/ Allie Greenleaf Maldonado